**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRENDA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-01289-CB |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| HOLDINGS ACQUISITION | ) | |
| COMPANY L.P., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Defendant Stadium Casino's Motion (Doc. 9) for leave to file an Amended Notice of
Removal will be granted, Plaintiff's Motion to Remand (Doc. 4) will be denied without prejudice
and Plaintiff will be ordered to file an amended complaint.

Stadium Casino is correct that leave to amend its Notice of Removal is appropriate under
the circumstances. This Defendant's citizenship is diverse from Plaintiff's, and denying
amendment to thwart such a showing serves no legitimate purpose.

Stadium Casino's attempt to maintain complete diversity, by removing the case before
Plaintiff could amend the Complaint in state court, is equally unwarranted. Defendant's counsel
acknowledges that Plaintiff filed a motion for leave to amend the Complaint prior to removal.
*Compare* Doc. 1-4 (Plaintiff's motion for leave to amend in state court, attached to the Notice of
Removal) *and* Pl.'s Mot. to Remand (Doc. 4) at ¶¶ 8-10 (the motion was docketed in state court
on August 20, 2025, it was scheduled for presentation August 22nd, and Defendant removed the
case to federal Court on August 21st, one day before presentation) *with* Def.'s Br. in Opp'n to
Remand (Doc. 8) at 8 (acknowledging that Plaintiff's motion was filed in state court before

removal, but disputing that Stadium Casino consented to the requested amendment).

Given Plaintiff's acknowledged-intention to amend her pleadings, the matter is controlled by the

recent Supreme Court decision in Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025).

Under it, "amending a complaint in a removed case to join a non-diverse party destroys diversity

jurisdiction, and the federal court must remand the case to state court." *Id.* at 24.

Much as the existence of diversity does not hinge on Stadium Casino's filing of a

deficient but curable Notice of Removal, complete diversity cannot be foisted on Plaintiff by

depriving her an opportunity to amend the pleadings – an amendment she specifically sought to

make.  To the extent that legal precedent requires an examination of the pleadings at the time of

removal, at least under these circumstances, the proposition does not survive Royal Canin.

Stadium Casino's Motion (**Doc. 9**) for leave to file an Amended Notice of Removal is

**GRANTED**, and the Clerk of Court will docket the Amended Notice, forthwith.  Plaintiff's

Motion to Remand (**Doc. 4**) is **DENIED WITHOUT PREJUDICE**, and she shall file an

amended complaint by **December 19, 2025** and serve it in conformity with the Federal Rules of

Civil Procedure.[1]

IT IS SO ORDERED.


December 5, 2025                                    s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1]  Because Plaintiff's amendment will join an allegedly non-diverse party (Gaming & Leisure Properties, Inc.), the alleged defect in removal is not governed by the 30-day limitation period in 28 U.S.C. § 1447(c).  *See id.* (excluding motions to remand based on lack of subject matter jurisdiction).